# Mark S. DeMarco

Attorney At Law
3867 East Tremont Avenue
Bronx, New York 10465
718 239 7070
Fax 718-239-2141
MSDLaw@aol.com

April 11, 2017

The Honorable Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**BY ECF & HAND DELIVERY**

                              Re:    *United States v. Ronald Matthews*
                                          **S1 16 Cr. 212 (LAK)**

Your Honor:

## Introduction

While in middle school, Ronald Matthews was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD). ADHD, formerly called ADD, is a condition of the brain that makes it difficult to control activity level and impulses and direct focus, especially to boring tasks. According to the National Institute of Mental Health, while all children can be hyperactive, inattentive, or impulsive at times, children with ADHD are different. Their inattention, hyperactivity, and impulsivity cause impairments at school, at home, with classmates and other peers. If left untreated, children with ADHD can suffer lifelong consequences with failures at school, in relationships, and later, at work.

Ronald struggled with reading and writing and he would often leave class, frustrated that he was unable to do his assignments. He was not prescribed the traditional ADHD medications and, without a strong male role model to ensure that he received proper ADHD treatment or adequate special education or programs to deal with this disability, Ronald was pushed through the New York City Public School system and he ultimately dropped out of from high school before completing the 11th grade. With limited employment opportunities, minimal education and no marketable skills with which to sustain employment, Mr. Matthew's life thus far has been one of unemployment and reliance on others for money, as well as self-medication with daily marijuana use.

While Mr. Matthews is a young man failed by the public education system, he is, nevertheless, an extremely bright and affable young man, who is anxious to learn a trade and to lead a law-abiding and responsible life. He is also incredibly remorseful for the path that his life has taken and for the crime that he committed here. Indeed, shortly after his arrest, Ronald indicated that

he wished to accept responsibility for his crime and, on December 28, 2016, he pleaded guilty to the crime of distributing marijuana in furtherance of a racketeering conspiracy. He is scheduled to be sentenced on April 25, 2017.

Mr. Matthews's difficult childhood and his ongoing battle with ADHD have contributed significantly to his current situation. Nevertheless, at the outset, it must be noted that Ronald attempts in no way to minimize the seriousness of his offense. He understands the significant effect that his conduct has on the community and he is hopeful that this Court sentences him to a term of imprisonment significantly less than that provided for by the United States Sentencing Guidelines.

As set forth in the attached letters and photographs [**see Defendant's Exhibits A and B**], Ronald Matthews, by all accounts, is a kind, caring, reasonable, strong and persevering young man, who is adored by his family and who desires to become a productive member of society. He is incredibly remorseful for participating in the crime that he has committed and this letter is submitted to provide information to assist this Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by *18 U.S.C. § 3553(a)* in light of *United States v. Booker*, 543 U.S. 220 (2005).

**Application of the Section *3553(a)* Factors Calls for a Sentence**
**Below the Stipulated Guideline Range**

A court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the Guidelines. *18 U.S.C. § 3553(a)*. The Guidelines range is the "starting point and the initial benchmark." *United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009) (quoting Gall v. United States, 552 U.S. 38 (2007))*. "A district court is authorized to depart from a Guidelines range if the court finds that 'there exists an aggravating or mitigation circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" *United States v. Juvenile Male Po, 466 Fed. Appx. 14, 15 (2d Cir. 2012) (summary order) (citing 18 U.S.C. § 3553(b))*.

The Court, however, is to consider:

>  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> 
>  (2) the need for the sentence imposed —
> 
>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> 
>  (B) to afford adequate deterrence to criminal conduct;

2

>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for —
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
>
> (5) any pertinent policy statement . . . [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

*United States v. Boykins-Jenkins*, 09 Cr. 861-01, 2011 U.S. Dist LEXIS 107255, at * 2 (S.D.N.Y. Sept. 22, 2011) *(quoting 18 U.S.C. § 3553(a))*. The defense respectfully submits that a below-Guidelines sentence is appropriate here.

**The Sentencing Factors As Applied to Ronald Matthews**

*18 U.S.C. §  3553(a),* and *United States v. Crosby*, *397 F.3d 103 (2d Cir. 2005)*, outline the task facing district courts in considering the guidelines.  The court must determine the applicable guidelines range, and further consider applicable policy statements.  After thus considering the guidelines, the Court must consider all the other factors set forth in *§ 3553(a)* before determining whether (i) to impose the sentence that would have been imposed under the guidelines, i.e. a sentence within the applicable guideline range or within permissible departure authority, or (ii) to impose a non-guideline sentence.

**Personal Characteristics**

### Mr. Matthews's Childhood & Background

Ronald Matthews was born in The Bronx on October 3, 1990. He and his four siblings[1] were raised under extremely modest economic conditions by his mother, a former American Sign Language Interpreter, who is currently disabled. His father, who Ronald remembers as a violent man who stole from the family, abandoned the family when Ronald was nine years old. Before leaving, however, he made certain to introduce Ronald to alcohol when he was merely eight years old. His father's absence from the home contributed to the family's financial struggles and instability.

As previously stated, at school Mr. Matthews struggled in the classroom. Since it was clear that he could not learn in a mainstream classroom, he was placed in special education classes. Not surprisingly, he dropped out of high school before completing the 11th grade at Theodore Roosevelt High School.

In addition to devoting six summers to the Summer Youth Employment Program, Mr. Matthews was employed as a construction site laborer for about one month in 2016. Before his arrest, he was supported primarily by his mother. He has never been married and has fathered no children.

### Mr. Matthews's Post-Arrest Conduct

Since his arrest, Mr. Matthews has been a model prisoner, incurring only one minor infraction for untidiness. More importantly, he has accepted responsibility for his criminal conduct by pleading guilty. He understands that this Court is likely to impose a sentence that requires that he remain incarcerated. He has accepted responsibility for his actions.

Like the majority of defendants that appear before this Court, Ronald Matthews comes from a deprived background. He has lacked appropriate male role models in his home, he has had an inadequate education, and he has been raised in an environment of illegal drugs and general poverty. Accordingly, for the reasons set forth above, the defense respectfully requests that this Court impose a sentence below the applicable guidelines range, a sentence which is "sufficient, but not greater than necessary" to comply with the goals set forth in *18 U.S.C. § 3553(a)(2)*.

### Conclusion

Mr. Matthews's life thus far can only be described as extremely difficult. However, his perseverance, youth and post-arrest behavior bode well for his ultimate rehabilitation. Although Ronald has two prior Youthful Offender adjudications, the instant conviction represents his first

---

[1] Mr. Matthews's oldest sister Tiara Matthews died after being struck by an object that had been tossed from a Bronx rooftop.

felony conviction.[2]  However, upon his release from prison, Ronald plans to earn his General Equivalency Diploma ("GED"), attend college, obtain legitimate employment and become a productive member of society.  Accordingly, we urge Your Honor to give effect to the statutory admonition embodied in *§ 3553(a)* by imposing a non-guideline sentence.

Finally, Mr. Matthews respectfully requests that this Court recommend, pursuant to *18 U.S.C. § 3582(a)*, that the United States Bureau of Prisons designate him to be housed in a facility in the Northeast Region of the United States to facilitate family visits.  In addition, Mr. Matthews requests that this Court strongly recommend that he participate in the BOP's Residential Drug Abuse Treatment Program (RDAP) and that he receive vocational training, both of which are available at FCI Fort Dix or FCI Danbury. Such a sentence would reflect a just result given all of the facts and circumstances in this case.

Respectfully Submitted,

*Mark S. DeMarco*

Mark S. DeMarco
Attorney for Ronald Matthews

cc: Rachel Maimin, Esq.
Assistant United States Attorney
Southern District of New York
By Electronic Mail

---

[2] In 2014, researchers from Arizona State University concluded a three-year study on the impact of having a criminal record on employment-related outcomes, varying by race and gender. The results, published in *Criminal Stigma, Race, Gender, and Employment: An Expanded Assessment of Consequences of Imprisonment for Employment,* reflect employment outcomes among white, black, and Hispanic men and women.  Researchers found 1) both black and Hispanic men were less likely to receive a positive response from employers—including a call back or email for an interview or a job offer—compared with white men; 2) men with criminal records were more likely than women with criminal records to receive a negative response from employers, and; 3) white men with a criminal record had more positive responses than black men with no criminal record.

http://thecrimereport.s3.amazonaws.com/2/fb/e/2362/criminal_stigma_race_crime_and_unemployment.pdf