UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

         v.                   16 CR 212 (LAK)

MARK CLARKE,

                               Plea

            Defendant.

------------------------------x

                               New York, N.Y.
                               January 3, 2018
                               12:10 p.m.

Before:

        HON. ROBERT W. LEHRBURGER

                               District Judge


        APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
RACHEL MAIMIN
     Assistant United States Attorney


DEVERAUX CANNICK
     Attorney for Defendant


Interpreter (Spanish):

     NICHOLAS LUTTINGER

1              (Case called)

2              MS. MAIMIN:  Good afternoon, your Honor.  Rachel

3    Maimin for the government.

4              MR. CANNICK:  Good afternoon, your Honor.  Deveraux

5    Cannick for Mark Clarke.

6              THE COURT:  Good afternoon.  You may be seated.  Sorry

7    for the holding pattern there for a few minutes.

8              Good morning, Mr. Clarke.

9              THE DEFENDANT:  Good morning, sir.

10             THE COURT:  I'm Magistrate Judge Lehrburger.  I

11   understand we are here because you wish to enter a plea with

12   respect to charges against you.  In this case you are going to

13   be pleading, I understand, to a lesser included offense.  How

14   do you intend to plead to that lesser included offense?

15             THE DEFENDANT:  Guilty.

16             THE COURT:  We are speaking in English.  Are you able

17   to understand and hear what I'm saying?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  I'll ask the deputy to swear you in so

20   that you can give truthful answers and I can make sure you're

21   giving truthful answers to the questions I'm going to ask you

22   today.

23             (Defendant sworn)

24             THE COURT:  I have before me a Consent to Proceed

25   Before a United States Magistrate Judge on a Felony Plea

1    Allocution that appears to have your signature.  Did you sign

2    it?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  This form says that you know you have the

5    right to have your plea taken by a United States magistrate

6    judge rather than a district judge.  As a magistrate judge, I

7    have the authority to take your plea with your consent, and you

8    will be entitled to all of the same rights and protections you

9    would otherwise have if you were giving your plea before a

10   district judge.  But you will be sentenced by the district

11   judge, not by me.  Do you understand what I have just

12   explained?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Before you signed consent form, did your

15   lawyer explain it to you?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  You do wish to proceed with your plea

18   before a magistrate judge, is that correct?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  I will accept the consent.

21             The purpose of this proceeding today is to make sure

22   you understand your right to decide whether you are pleading

23   guilty of your own free will and to make sure you are pleading

24   guilty because you are guilty and not for some other reason.

25   Do you understand that?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  I am now going to ask you some questions.

3  These are meant to determine that you are indeed competent and

4  able to give a plea today of your own free will.  It is very

5  important that you understand the questions and answer truth-

6  fully.  If you don't understand anything, just let me know or

7  speak to your attorney.

8          What is your full name?

9          THE DEFENDANT:  Excuse me, sir?

10         THE COURT:  What is your full name.

11         THE DEFENDANT:  Mark Clarke, Mark Bradley Clarke.

12         THE COURT:  How old are you?

13         THE DEFENDANT:  22.

14         THE COURT:  Can you read and write in English?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  How far did you go in school?

17         THE DEFENDANT:  Eleventh.

18         THE COURT:  Eleventh grade?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Are you currently or have you recently

21  been under the care of a doctor or a psychiatrist or a

22  psychologist?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  What for and when?

25         THE DEFENDANT:  For schizophrenia.  I went to the

5

1    Butner facility, went for counseling and psychiatrist at the

2    Butner facility.

3            MR. CANNICK:  Your Honor, to make sure the Court

4    understands what is happening, early on in these proceedings

5    Mr. Clarke experienced a mental episode that caused him to be

6    evaluated and subsequently treated at Butner, where he was at

7    least for four or five months.  He was restored after he had

8    been at Butner.  He has now been back here and functioning

9    normally for the last six to eight months.  He we have had no

10   problems understanding each other during this proceeding.

11   About four months, your Honor.

12           THE COURT:  About four months since he's been back?

13           MR. CANNICK:  Yes, since he's been back from Butner.

14           THE COURT:  Thank you for explaining that.

15           Do you have any condition that affects your ability to

16   see or to hear?

17           THE DEFENDANT:  No, sir.

18           THE COURT:  Do you have any condition right now that

19   affects your ability to think or understand or make decisions

20   for yourself?

21           THE DEFENDANT:  No.

22           THE COURT:  Have you ever been hospitalized for

23   alcoholism or addiction to narcotics?

24           THE DEFENDANT:  No.

25           THE COURT:  As you sit here today, are you under the

1    influence of any mind-altering drug or alcohol?

2            THE DEFENDANT:  No, sir.

3            THE COURT:  How do you feel today?

4            THE DEFENDANT:  I feel good, sir.

5            THE COURT:  Do you feel like you are in your clear

6    mind?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  Do you understand what is happening here?

9            THE DEFENDANT:  Yes, sir.

10           MS. MAIMIN:  Your Honor, may I have one moment with

11   counsel, please?

12           THE COURT:  Sure.

13           (Counsel conferred).

14           MR. CANNICK:  Nothing further.

15           MS. MAIMIN:  Thank you, your Honor.

16           THE COURT:  The charges against you are set forth in a

17   superseding indictment.  Have you seen a copy of that super-

18   seding indictment?

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  Did you read it?

21           THE DEFENDANT:  Yes.  It said --

22           THE COURT:  I'm just asking if you read it.

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  Do you understand what it says?

25           THE DEFENDANT:  Yes, sir.

 1              THE COURT:  Have you had enough time to talk with your

 2      attorney about how you wish to plead and what the consequences

 3      are?

 4              THE DEFENDANT:  Yes, sir.

 5              THE COURT:  Are you satisfied with your attorney's

 6      representation of you?

 7              THE DEFENDANT:  Yes, sir.

 8              THE COURT:  Does either counsel have any objections to

 9      or concerns about the defendant's competency to mind at this

10      time?

11              MS. MAIMIN:  No, your Honor, particularly in light of

12      the evaluation by the professionals of the BOP that the

13      defendant has been rendered competent.

14              MR. CANNICK:  Your Honor, adding to that, as I stated

15      earlier, I have had numerous conferences with Mr. Clarke since

16      he has been restored to competency, and he has had no problems

17      whatsoever.  The medications that he was prescribed he is no

18      longer on the medication.  He has been fully restored.

19              THE COURT:  That is good to hear.

20              Mr. Clarke, I am now going to explain certain rights

21      that you will be giving up by pleading guilty.  Again, please

22      listen carefully.  If you don't understand, let me or your

23      attorney know.

24              Under the Constitution and the laws of the United

25      States, you have a right to plead not guilty to the charges

1    against you.  Do you understand that?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  If you plead not guilty, you would be

4    entitled under the Constitution to a speedy and public trial by

5    a jury of those charges.  At that trial you would be presumed

6    innocent and the government would be required to prove your

7    guilt beyond a reasonable doubt.  You could not be convicted

8    unless a jury of 12 persons agreed unanimously that you are

9    guilty beyond a reasonable doubt.  Do you understand that?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  If you decided to go to trial, at that

12   trial and at every stage of those proceedings in your case you

13   would have the right to be represented by an attorney.  If you

14   could not afford one, the government would pay to have one

15   represent you.  If you retained an attorney on your own behalf

16   using funds but you ran out of those funds, the government

17   would appoint an attorney for you.  So you would have an

18   attorney all the way through trial and not just for a guilty

19   plea.  I want to make sure that you understand your decision to

20   plead guilty should not depend on whether you can afford to

21   hire an attorney.  Do you understand that?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  During a trial the witnesses for the

24   prosecution would have to come to court and testify in your

25   presence, where you could see and hear them, and your lawyer

9

1   could cross-examine those witnesses.  If you wanted, your

2   lawyer could offer evidence on your behalf.  And you would be

3   able to use the court's power to make witnesses come to court

4   to testify in your defense even if they didn't want to.  Do you

5   understand that?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  At a trial you would have the right to

8   testify in your own defense if you wanted, but you would also

9   have the right not to testify.  If you chose **not** to testify,

10   that could not be used against you in any way.  In other words,

11   no inference or suggestion of guilt could be drawn or permitted

12   from the fact that you did not testify.  Do you understand

13   that?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  If you were convicted at trial, you would

16   have the right to appeal that verdict to a higher court.  Do

17   you understand that?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  As I said before, you have the right to

20   plead not guilty and even right now you have that right to

21   change your mind or to give a different plea.  Do you

22   understand that?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  But if you do plead guilty and if I accept

25   your plea, you will give up your right to a trial and all the

1   other rights I have described.  If you plead guilty, there will

2   be no trial, and all that will remain is to impose a sentence.

3   You and the government will have a chance to make arguments

4   about what sentence you will get, but there will not be any

5   further trial to determine your guilt or innocence with regard

6   to the charges.  Do you understand that?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  Do you understand that the decision as to

9   the appropriate sentence in your case will be entirely up to

10  the sentencing judge, and that judge will be limited only by

11  what the law requires?  This means that even if you are

12  surprised or disappointed by your sentence, you will be bound

13  by your guilty plea nevertheless.  Do you understand that?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  Finally, if you do plead guilty, you are

16  also giving up the right not to incriminate yourself, and I'll

17  ask you questions about what you did in order to satisfy myself

18  that you are actually guilty.  By pleading guilty, you will be

19  admitting your factual as well as your legal guilt.  Do you

20  understand that?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  I now want to review the charges against

23  you, the lesser included offense, and the maximum penalties

24  that you will face in pleading guilty to that lesser included

25  offense.

1    Count Two of the superseding indictment charges you

2    with participating from at least in or about 2007 up to and

3    including in or about 2016 in a conspiracy to distribute 280

4    grams and more of mixtures and substances containing a

5    detectable amount of cocaine base in violation of Title 21,

6    United States Code, section 841(b)(1)(A), and 100 kilograms and

7    more of mixtures and substances containing a detectable amount

8    of marijuana in violation of Title 21, United States Code,

9    section 841(b)(1)(B), in violation of Title 21 U.S.C. section

10   846.

11   Do you understand that those are the charges under the

12   second charge of the indictment, of the superseding indictment?

13   Not that you are pleading to, but just that that was Count Two

14   as set forth.

15   THE DEFENDANT:  Yes, sir.

16   THE COURT:  I have before me a letter agreement

17   indicating what you intend to plead guilty to.  Under the terms

18   of that agreement, the government will accept a guilty plea to

19   a lesser included offense of your participation in a conspiracy

20   to distribute more than 50 kilograms of marijuana in violation

21   of Title 21 U.S.C. section 841(b)(1)(C) from at least in or

22   about 2007 up to and including about 2016.  Do you understand

23   that?

24   THE DEFENDANT:  Yes, sir.

25   THE COURT:  Now I'm going to describe the maximum

1  penalties you can receive for pleading guilty to that lesser

2  included offense.  The maximum penalties are as follows:

3    A maximum sentence of 20 years' imprisonment;

4    A maximum term of lifetime supervised release;

5    A mandatory minimum term of 3 years' supervised

6  release;

7    A maximum fine of the greater of $1 million or,

8  pursuant to 18 U.S.C. section 3571, twice the gross pecuniary

9  gain derived from the offense or twice the gross pecuniary loss

10 to a person other than the defendant, that is you, as a result

11 of the offense; and

12   A mandatory $100 special assessment.

13   Do you understand those maximum penalties?

14   THE DEFENDANT:  Yes, sir.

15   THE COURT:  In addition, you will be subject to making

16 restitution in an amount ordered by the Court in accordance

17 with the law.  Do you understand that?

18   MR. CANNICK:  May I have one second, please?

19   THE COURT:  Yes.

20   (The defendant and counsel conferred.)

21   MR. CANNICK:  We are ready to proceed, your Honor.

22   THE COURT:  I would ask the Assistant United States

23 Attorney if you could state the elements of the charge to which

24 the defendant is pleading.

25   MS. MAIMIN:  Yes, your Honor.  If this case proceeded

1    to trial, the government would have to prove the following two

2    elements beyond a reasonable doubt:

3              First, that the charged conspiracy existed, that is,

4    that there was a conspiracy or agreement between two or more

5    people to distribute or possess with intent to distribute at

6    least 50 kilograms of marijuana; and

7              Second, that the defendant knowingly and intentionally

8    joined that conspiracy.

9              The government would also have to prove venue is

10   proper in this district by a preponderance of the evidence

11             THE COURT:  Thank you.

12             I also want you to understand that if you are not a

13   citizen of the United States, your guilty plea may also have

14   adverse consequences for your ability to remain in the United

15   States, including removal, deportation, denial of citizenship,

16   and denial of admission to the United States in the future.  If

17   that does happen, you will still be bound by your guilty plea

18   and will not be able to withdraw it regardless of any advice

19   provided to you by counsel or others regarding the immigration

20   consequences of your plea.  Do you understand that?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Overall, do you understand the lesser

23   included offense to which you are pleading and the consequences

24   of pleading guilty?

25             THE DEFENDANT:  Yes, sir.

1          THE COURT:  Now I'm going to ask you some questions to

2     make sure that this plea is given of your own free will and

3     entirely voluntarily.  Has anyone threatened, forced, or

4     coerced you in any way, either directly or indirectly, to plead

5     guilty?

6          THE DEFENDANT:  No, sir.

7          THE COURT:  As I mentioned, there is a plea agreement

8     set forth in a letter that I have before me.  Did you sign this

9     plea agreement on page 5?

10          THE DEFENDANT:  Yes, I signed.

11          THE COURT:  Did you read the agreement before you

12     signed it?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Did you understand its terms?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Did you discuss the agreement with your

17     attorney before you signed it?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Did he explain its terms and conditions to

20     you?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Apart from what is contained in the

23     letter, in other words, other than what is set forth in this

24     letter, have any promises been made to you in order to get you

25     to plead guilty?

1            THE DEFENDANT:  No, sir.

2            THE COURT:  The letter agreement also says that you

3       and the government have agreed about the range, which is the

4       appropriate calculation of your sentence under a part of our

5       law known as the sentencing guidelines, and that the

6       appropriate guideline sentencing range for you is 18 to 24

7       months' imprisonment.  Do you understand that?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Under this agreement neither you nor the

10      government is allowed to argue to the sentencing judge for a

11      calculation that is different from that one.  However, the

12      sentencing judge isn't bound, as I said before, by the

13      calculation in the letter, and he or she will be free to make

14      his or her own calculation, including one that is different

15      from the sentencing range that is set forth here.  Do you

16      understand that?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  Do you understand that the sentencing

19      range is just one of many factors the judge will consider in

20      determining your sentence, and the judge has discretion to give

21      a sentence above or below the range up to the maximum sentence

22      I told you about earlier?  Do you understand that?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  Do you understand that as long as the

25      sentencing judge sentences you to a prison term of no longer

1  than 24 months -- that was the upper part of the range -- you

2  are giving up your right to challenge your sentence, whether by

3  direct appeal, writ of habeas corpus, or otherwise?  Do you

4  understand that?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  Also, do you understand that the plea

7  agreement says that you will be subject to a range of a fine in

8  the amount of $7,500, to $75,000?  Do you understand that?

9            THE DEFENDANT:  Yes, sir.

10           THE COURT:  Do you understand that by pleading to

11 this, you will be giving up your right to appeal that fine or

12 any lawful sentence of supervised release?  Do you understand

13 that?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  And that you will also be giving up your

16 right to appeal any imposition of restitution?  Do you

17 understand that?

18           THE DEFENDANT:  Yes, sir.

19           THE COURT:  Is there any other provision in the plea

20 agreement that counsel wishes me to review with Mr. Clarke?

21           MS. MAIMIN:  Not from the plea agreement, your Honor.

22           MR. CANNICK:  No, your Honor.

23           THE COURT:  Do you understand, Mr. Clarke, that under

24 the terms of the agreement, even if you later learn that the

25 government withheld from you evidence or information that would

1    have been helpful to you in defending yourself at trial, you

2    will not be able to complain about that or withdraw your guilty

3    plea?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  In addition to considering what is set

6    forth in the plea agreement as well as factors and other

7    considerations under the law, the sentencing judge will also

8    consider a pre-sentence report prepared by the probation

9    department in advance of your sentencing.  Before you are

10   sentenced, you and the government will have an opportunity to

11   challenge the facts reported by the probation officer.  Do you

12   understand that?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Now that you have been advised of the

15   charges against you, the lesser included offense to which you

16   intend to plead, the possible penalties you face, and the

17   rights you are giving up, is it still your intention to plead

18   guilty to the lesser included offense set forth in the plea

19   agreement?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Is your plea voluntary and made of your

22   own free will?

23             THE DEFENDANT:  Made of my own free will.

24             THE COURT:  Mr. Clarke, with respect to the lesser

25   included offense set forth in the plea agreement, how do you

18

```
1     plead, guilty or not guilty?
2              THE DEFENDANT:  Guilty.
3              MS. MAIMIN:  Your Honor, may I interrupt?
4              THE COURT:  Yes.
5              MS. MAIMIN:  I apologize if I missed it.  There were a
6     few points I was hoping the court could allocute the defendant
7     on:  First, that he is satisfied with his representation of his
8     attorney; second, that he is aware of any effect of any
9     violation of supervised release; that if he lies to your Honor,
10    because he is under oath, he would be subject to penalties of
11    perjury; and that he admits to the forfeiture allegation in the
12    indictment.
13             THE COURT:  What was the last part?
14             MS. MAIMIN:  Admits to the forfeiture allegation in
15    the indictment.
16             THE COURT:  I believe I did ask him if he was
17    satisfied with counsel.
18             MS. MAIMIN:  I might have missed that, Judge.  I'm
19    sorry.
20             THE COURT:  I will follow up on the others.
21             Do you understand, Mr. Clarke, that among the
22    admissions you are making in pleading guilty is an admission to
23    forfeiture?
24             THE DEFENDANT:  Excuse me?
25             THE COURT:  Do you understand that one of the things
```

1   to which you are admitting and agreeing is forfeiture of

2   instruments, goods, property, money, etc., used in connection

3   with or to be used in connection with the offense to which you

4   are pleading?

5           (The defendant and counsel conferred.)

6           THE DEFENDANT:  Yes.

7           THE COURT:  Do you understand that if you violate the

8   terms of your supervised release following imprisonment, that

9   could result in additional penalties to which you would be

10  subject?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Is there anything else, counsel?  Was

13  there one other item?

14          MS. MAIMIN:  Just that he could be subject to the

15  penalty of perjury if he lied to the Court during this

16  proceeding; and to confirm if he knows if he violated

17  supervised release, he could be sentenced to additional prison

18  time without credit for any time previously served.

19          THE COURT:  To follow up on the point about violating

20  terms of supervised release, do you understand that if you do

21  violate those terms, you could be subject to additional prison

22  time without any credit for time served?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Do you understand that having taken an

25  oath at the outset of this proceeding, in answering all my

1    questions you are subject to a penalty of perjury if you have

2    not told the truth?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Are you satisfied?

5              MS. MAIMIN:  Yes.  Thank you, your Honor.

6              THE COURT:  What is the basis for venue here in the

7    Southern District?

8              MS. MAIMIN:  The marijuana conspiracy took place in

9    the Bronx, New York.

10             THE COURT:  Mr. Clarke, on the basis of your responses

11   to my questions and my observations of your demeanor, I find

12   that you are competent to enter an informed guilty plea and

13   that there is a factual basis for it.  I'm satisfied that you

14   understand your rights, that you are aware of the consequences

15   of your plea, including the sentence that may be imposed, that

16   you are voluntarily pleading guilty, and that you have admitted

17   that you are guilty as charged in the lesser included offense

18   set forth in the plea agreement.  For these reasons, I will

19   recommend that the district judge accept your plea.

20             I assume the government will order a copy of the

21   transcript and submit it to the judge together with any

22   additional paperwork.

23             MS. MAIMIN:  Yes, your Honor.  But the defendant

24   hasn't allocuted yet.

25             THE COURT:  My apologies.  Counsel is absolutely

1    right.  Mr. Clarke, before I can accept your plea, I actually

2    need you to tell me in your own words what it is you did that

3    makes you guilty.  Will you please do so.

4              THE DEFENDANT:  I agreed to sell marijuana, at least

5    50 kilos of marijuana, and I'm sorry for the hurt I put on

6    other people's families by doing so.  And that this happened in

7    the Bronx, New York between 2007 and '16.  I agree that I took

8    part in selling marijuana, yes, sir.

9              THE COURT:  Did you know what you were doing was wrong

10   at the time you were doing it?

11             THE DEFENDANT:  Excuse me, sir?

12             THE COURT:  Did you know what you were doing was

13   against the law and wrong at the time you were doing it?

14             THE DEFENDANT:  I knew what I was doing, yes, sir.  I

15   was young and dumb in those days.

16             THE COURT:  I just want to know did you know what you

17   were doing was against the law?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Is the government satisfied?

20             MS. MAIMIN:  Yes.

21             THE COURT:  Thank you.  Having made that addendum and

22   follow-up, I do accept the plea.

23             Will the government order a copy of the transcript and

24   submit it to the judge?

25             MS. MAIMIN:  We will.

1        THE COURT:  Has the district judge set a sentencing

2   date?

3        MS. MAIMIN:  He has, your Honor.  April 11, 2018, at 4

4   p.m. before Judge Kaplan.

5        MR. CANNICK:  Your Honor, given the guideline range

6   here and the fact that my client has been incarcerated for 20

7   months, I'm asking the Court to respectfully set an accelerated

8   pre-sentence report as well as sentencing date.

9        THE COURT:  Does the government have any view on this?

10        MS. MAIMIN:  Your Honor, I think this can be

11   accomplished through Judge Kaplan's deputy, and I will contact

12   him promptly after today's proceeding.

13        THE COURT:  Is that acceptable to the defendant?

14        MR. CANNICK:  That's fine, your Honor.

15        THE COURT:  I will direct that a pre-sentence report

16   be prepared.  Can the government deliver the case summary for

17   purposes of the pre-sentence report within the next 14 days?

18        MS. MAIMIN:  Yes.

19        THE COURT:  Can defense counsel be available with his

20   client for the probation department within 14 days?

21        MR. CANNICK:  In light of my application, I'll be

22   ready tomorrow.

23        THE COURT:  What is the current condition of release,

24   if any, or is the defendant being detained?

25        MR. CANNICK:  He is currently detained, and we need no

1    modification of that, your Honor.

2            THE COURT:  Detention will be continued.

3            Given what has been explained in terms of the

4    defendant's medical history, is there any medical attention

5    with which he is concerned or requires any assistance at this

6    time?

7            MR. CANNICK:  No, your Honor.

8            THE COURT:  We are adjourned.  Mr. Clarke, good luck

9    to you.  I wish you well.

10           THE DEFENDANT:  Thank you, sir.

11           (Adjourned)

12

13

14

15

16

17

18

19

20

21

22

23

24

25