USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/8/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

-against- 16-cr-0212 (LAK)

MARK CLARKE,

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATE OF CONTEMPT**

LEWIS A. KAPLAN, *District Judge.*

The undersigned hereby certifies, pursuant to Fed. R. Crim. P. 42(b), that the defendant, on March 7, 2024, committed criminal contempt of court, in the presence of and seen and heard by the undersigned. Defendant refused to comply with direct orders of the Court for the purpose and with the effect of obstructing the Court's proceedings.

Defendant was arraigned on March 7, 2024 on nine specifications of violation of supervised release. Defendant was represented by counsel. As defense counsel was making an application for bail "[a]t the behest of [his] client," defendant interrupted and asked whether he could speak.[1] The Court informed defendant that he was not permitted to speak because he was "represented by counsel, and counsel speaks for [him] unless the Court has questions for [him]."[2] The Court denied the bail application, whereupon defendant interrupted the proceedings once again,

---

1 Tr. 8:2–17.

2 Tr. 8:20–21.

stating "I need to talk on my case."[3] The Court explained again to defendant that he did not have a right to speak at the proceeding, and it warned defendant that if he interrupted the proceedings again the Court would "hold [him] in criminal contempt of court for disrupting these proceedings and violating my order, and I will impose a jail sentence on you immediately."[4] The Court asked, "[y]es or no, [do] you understand that[?]"[5] The defendant stated that he did understand.[6]

As the Court closed the proceeding, defendant interrupted once again: "I'm taking contempt of Court, sir, because I'm not agreeing with what's going on . . . . I didn't do nothing wrong, and I'm not a criminal . . . . I'm a security guard, and I'm not a criminal, sir, and I'm putting that on the record. I'm a security guard." As defendant continued to interrupt, the Court found that defendant had "violated [its] express order, which [he] said [he] understood" and accordingly held defendant "in criminal contempt of this Court."[7] The Court sentenced defendant "to an additional ten days in prison for [his] behavior."[8]

---

[3] Tr. 10:16–17.

[4] Tr. 10:19–24.

[5] Tr. 10:25.

[6] Tr. 11:2.

Of note, subsequent to this warning, defendant's loud conversation with counsel caused the Court to instruct defense counsel and his client "to . . . quiet down so that I can conduct this proceeding without having to do it over your conversation." Tr. 11:8–10.

[7] Tr. 13:20–25.

[8] Tr. 14:2–3.

The Court found, and it reaffirms the finding here, that defendant's in-court conduct constituted intentional misbehavior that obstructed the proceedings and violated an express order of the Court of which the defendant was aware, thereby satisfying the elements of criminal contempt.[9]

On this date, the Court sentenced defendant to a term of imprisonment of 10 days.

The Court hereby incorporates in this Certificate the entire transcript of the proceedings of March 7, 2024.

SO ORDERED.

Dated: March 7, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[9] 18 U.S.C. § 401(1).